[No. 2,837.]

## GEORGE K. PORTER *v.* ROBERT F. PECKHAM.

EMPLOYMENT OF ATTORNEY.—If a party who has an undivided interest in a tract of land employs an attorney to act for him in relation to his interest in a partition suit, and at the same time as the agent of another party who also has an undivided interest, employs the attorney to act for such other party in relation to his interest, the relation of attorney and client does not exist between the employer and attorney as to the interest of the party for whom the employer acted as agent.

IDEM.—If one, as the agent of another, employ an attorney for such other, it does not establish the relation of attorney and client between the agent and attorney.

TRUST RELATIVE TO ATTORNEY AND CLIENT.—If an attorney at law is consulted as to the legal effect of a power of attorney given to the one who seeks his advice, and is directed, as a conveyancer, to prepare a deed of land to be executed by the one who gave the power to the attorney in fact, and the attorney at law performs the duty devolving on him by the employment, and in so doing derives no information from his employer relative to the land, and the parties refuse to execute the deed, these facts do not make the lawyer the trustee of his employer if he afterwards buy the land.

IRRELEVANT TESTIMONY.—The admission of irrelevant testimony, which does no injury, is not a ground for a new trial.

APPEAL from the District Court of the Third Judicial District, Santa Clara County.

In 1837 Joaquin Bernal died, seized of the Rancho Santa Teresa, lying in what is now the County of Santa Clara. The land descended to his eleven children, among them Marcellina. Prior to 1853 Marcellina died, and Nicholas Valencia, one of her children, inherited a fifth of her interest. Thus Nicholas, through his mother, inherited one undivided fifty-fifth of the rancho. After the death of Bernal it was erroneously supposed that his widow, Josefa, took one half the rancho as *bienes gananciales*. (See *Hood* v. *Hamilton*, 33 Cal. 702.) Nicholas Valencia claimed to have purchased from his grandmother, Josefa, her supposed interest in the rancho, and in April, 1853, in consideration of love and affection, and of one dollar, conveyed to his wife, Maria

los Angeles Castro de Valencia, the interest which he inherited from his mother, Marcellina, as well as the supposed interest of his grandmother, Josefa.

On the 18th day of August, 1859, Eusebia Valencia de Castro, Joaquin Castro, Nicholas Valencia, his wife, Maria los Angeles Castro de Valencia, and Cirilo Valencia, as heirs and successors to the estate of José Joaquin Bernal and his wife, executed to the plaintiff a power of attorney authorizing him to investigate the question of their interests in the estate, and to commence suits to secure their rights, and to employ counsel at his cost, and to ask and demand all sums of money or personal property due them.   The power recited that plaintiff had already spent money in investigating their rights, and then stated that they agreed to give plaintiff, as a compensation, one half of all sums of money and property which they might recover from the estate of the deceased. About 1865 the plaintiff consulted with defendant about this power, as mentioned in the opinion, and drew up a deed for the Valencias to execute.  In August, 1866, a suit was commenced by William A. Senter and others, for the partition of the rancho.   The plaintiff claimed an interest in the rancho, beside what he expected to receive under the power of attorney, and employed the defendant, as stated in the opinion.  The defendant soon after informed the plaintiff and Maria, the wife of Nicholas, that he could not act for them in relation to the interest she claimed from Josefa, the grandmother of her husband, as it was antagonistic to the interests of some of his other clients, and R. R. Provines was substituted in place of defendant, in relation to this interest.   In May, 1868, a final judgment was rendered in the partition, and the interest set off to Maria, the wife of Valencia, was one hundred and fifty-one acres.   On the 14th day of December, 1867, the defendant purchased from said Maria her interest in the rancho for the sum of two thousand six hundred and ninety-seven dollars and fifty cents, and in

a few days sold the same to Patrick Martin for four thousand three hundred and seventy-five dollars.

In 1869 this suit was commenced to have the defendant declared the plaintiff's trustee as to the profit made on the sale, and to obtain judgment for the amount. The defendant claimed that there was no contest in the partition suit with regard to the one hundred and fifty-one acres set off to Maria, the wife of Nicholas, but that all parties admitted her right to it.

On the trial the defendant offered in evidence a deed from Joaquin Castro and wife to plaintiff, dated July 31st, 1865, of an undivided half of their interest in the ranch. Plaintiff objected to the deed, but the Court overruled the objection. It was under this deed that plaintiff acquired an interest in the grant, and this interest was set off to him in the partition.

The defendant also offered in evidence a deed from Nicholas Valencia and wife to the plaintiff, dated August 13th, 1866, of an undivided half of the interest in the rancho which Nicholas had acquired from his grandmother Josefa. Plaintiff objected, and the Court overruled the objection. The defendant recovered judgment, and the plaintiff appealed.

*F. E. Spencer,* for Appellant.

The employment of defendant to procure the deed of the Valencias, constituted him the agent of plaintiff. (*Webster* v. *King,* 33 Cal. 350; *Hardenburgh* v. *Bacon,* ib. 356; *Ringo* v. *Binns,* 10 Peters, 269; *West* v. *Reynolds,* 21 Ind. 305.)

Plaintiff may, at his option, treat defendant as his trustee, and claim the benefit of the purchase. (*Hardenburgh v. Bacon,* supra.)

Defendant's disability to purchase continued so long as the relationship of agent or attorney existed, though the

confidential employment may have ended.    (1 Story Eq. Jur. 299, n. 2.)

Defendant, at the time of the purchase by him, was in the employ of plaintiff as his attorney, to represent the interest of Mrs. Valencia, flowing from which defendant knew that plaintiff expected or desired to reap an advantage; and he was bound to exercise the same good faith towards him as though he had been his attorney of record.    (*Simpson* v. *Lamb*, 7 Ellis & B. 84.)

Where the relation of attorney and client exists, the attorney is bound to the most scrupulous good faith.    (*Valentine* v. *Stewart*, 15 Cal. 387; *Kisling* v. *Shaw*, 33 Cal. 440.)

The burden is cast upon the attorney to show that the transaction is fair and equitable.    (1 Story Eq. Jur., Secs. 310, 311; 1 ib. 301.)

The rule does not apply alone to the particular property or suit in which the attorney is retained, but to all contracts, negotiations, etc., between them.    (1 Story Eq. Jur. 300; *Hall* v. *Hallett*, 1 Cox, 134.)

A person intrusted with the business of another as attorney or agent, ought not to make that business an object of interest or profit to himself.    (*Howel* v. *Baker*, 4 John. Ch. 118; *Henry* v. *Ramon*, 25 Penn. State R. 354.)

*S. O. Houghton*, for Respondent.

Respondent ceased to be the attorney for appellant after January 14th, 1867, when Provines was substituted in his stead.    From that date he was the attorney of Mrs. Valencia and other parties whose interests were antagonistic to the claims of appellant.

The employment of respondent by appellant, as attorney for Mrs. Valencia, created the relation of attorney and client between respondent and Mrs. Valencia, and imposed upon him all the obligations towards her arising from that relation.

By the Court, NILES, J.:

There was sufficient evidence to sustain the finding of the Court that "in employing the defendant as an attorney at law in the action for partition of the Santa Teresa Ranch, the plaintiff acted for himself as to the interest which he claimed in the ranch, and as agent for the Valencias in relation to the interest claimed by Mrs. Valencia." Assuming this to be the fact, the relation of attorney and client did not exist between the plaintiff and defendant by virtue of that employment as to the interest in the land then owned by Mrs. Valencia, and afterward conveyed by her to the defendant.

If any relation of trust existed which would cause the purchase by defendant from Mrs. Valencia to enure to the benefit of the plaintiff, it must arise from the subsequent transactions relative to the power of attorney held by plaintiff from the Valencias. The evidence upon this point is conflicting, and the facts are not clearly found by the Court. But it seems to be undisputed that upon one occasion the plaintiff exhibited the instrument to the defendant, and advised with him as to the powers conferred by it; that the defendant advised the plaintiff that the writing was not effectual as a power to sell the interest of Mrs. Valencia in the land, and that he should obtain a conveyance from her. Subsequently the defendant at plaintiff's request caused a deed to be prepared conveying the property to the plaintiff, and forwarded it to the agent of the plaintiff with instructions to procure its execution by the Valencias. The Valencias refused to sign the deed, and this terminated the transaction.

It does not appear that the defendant was intrusted with the power to negotiate with the Valencias for the purchase, or to act in any other capacity than as adviser in relation to the legal effect of the power of attorney, and as a convey-

ancer in the preparation of the deed. All duties devolving upon him by reason of this employment were discharged when the deed had been forwarded to the agent of the plaintiff. Nor does it appear that the defendant derived any information from the plaintiff respecting the property or the title of the Valencias, that could have induced or aided his subsequent purchase.

Admitting to its fullest extent the rule which holds an attorney or agent to scrupulous good faith in all transactions in which the client's interests are involved, we see nothing in the facts of this case which calls for the application of the rule.

There was no error in the admission in evidence of the deed of August 13th, 1866, from the Valencias to the plaintiff. The Court might very well consider it as being the deed referred to in the amended answer of the defendant, notwithstanding the slight difference in dates. It was a part of the theory of the defense that this conveyance was made in discharge of the obligations expressed in the power of attorney from the Valencias to the plaintiff. In view of this the deed was not irrelevant, whatever may have been its value as evidence.

We cannot see that the deed from Joaquin Castro and wife to plaintiff was relevant to the issues made; but the evidence could not affect the plaintiff injuriously, and the judgment will not be disturbed for error in its admission.

Judgment affirmed.

Neither Mr. Justice RHODES nor Mr. Justice CROCKETT expressed an opinion.